IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA MANNING<br>488 Canterberry Lane<br>Sagamore Hills, Ohio 44067 | )<br>)<br>)<br>) | CASE NO:<br><br>JUDGE |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR INJUNCTIVE**<br>**RELIEF AND DAMAGES** |
| LAKE HOSPITAL SYSTEM, INC.<br>36000 Euclid Avenue<br>Willoughby, Ohio 44094 | )<br>)<br>)<br>)<br>)<br>)<br>) | (Jury Demand Endorsed Herein) |
| Defendant. | ) | |

Plaintiff, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

### INTRODUCTION

1. Manning is a resident of the city of Sagamore Hills, county of Summit County, and state of Ohio.

2. Manning is a "person," and "employee," and an "individual" as defined by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq.,

3. Lake Hospital System, Inc. ("Lake Health") is an employer in the County of Lake County and state of Ohio.

4. Lake Health is an employer, pursuant to 42 U.S.C. § 2000e.

5. Lake Health is an employer, pursuant to Ohio Rev. Code § 4112.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff is alleging federal law claims under Title VII.

7. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge No. 532-2020-02831.

8. On November 16, 2020, Manning received a Right to Sue letter, dismissing Charge No. 532-2020-02831, in accordance with 42 U.S.C. 2000e-5(f)(1), attached as Exhibit A.

9. Manning has properly exhausted her administrative remedies.

10. Manning files this Complaint within 90 days of receiving her Right to Sue letter from the EEOC.

11. All material events alleged in this Complaint occurred in Lake County.

12. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

13. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

14. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

15. Manning was hired by Lake Health as an operating room nurse in July 2018.

16. Manning is black.

17. As the only black nurse, Manning noticed that she was treated differently than the other nurses from the outset.

18. Manning's room assignments would be scheduled day-to-day, while the white nurses rotated days without room assignments.

19. Manning was paid less than white nurses, even though she had more education and experience.

20. In July 2019, after receiving an excellent evaluation from her manager Kimberli Cole, Manning asked for a raise.

21. Even though white nurses, with less education and experience, were making more than she was, Manning was only given a $0.68 per hour raise in July 2019.

22. After receiving a $0.68 per hour raise Manning told Denise Glover, Vice President of Perioperative Services, that she believed she was being paid less than the other nurses because she was black.

23. In March 2020, Valerie Kovacic-Mauer replaced Glover as the Vice President of Perioperative Services.

24. In June 2020, Manning complained that she was paid less because she was black, and also raised the issue of the disparate treatment with Kovacic-Mauer.

25. This disparate treatment included the above scheduling issue, but also disparate hiring practices, and disparate assignments.

26. Lake Health routinely hired black employees for low-paying positions, but had few black employees in higher-paying positions, such as registered nurses.

27. Those few black individuals that Lake Health did hire were given less desirable assignments, such as tending to COVID-19 patients.

28. Manning also complained that Mitchell Huber was being paid $5 per hour more than the black female scrubs, merely because he is a white male.

29. Kovacic-Mauer told Manning that she took her complaints very seriously and would work with human resources to look at pay disparities hospital-wide.

30. In response to Kovacic-Mauer's concern, Manning even emailed her an article regarding systemic racism on June 29, 2020.

31. Instead of addressing the systemic racism, Kovacic-Mauer terminated Manning a month later, on July 31, 2020, for purportedly violating the code of conduct.

32. Manning's co-worker, Shelly Byrne, had complained that Manning had shared a Facebook status questioning an image on the twenty-dollar bill.

33. The Facebook status at issue was antiracist.

34. This "code of conduct violation" was actually pretext, as evidenced by the fact that other nurses, including Byrne, regularly posted racially motivated content to Facebook and continue to be employed by Lake Health.

35. Manning was actually terminated because she is black.

36. Manning was actually terminated in retaliation for complaining about race and gender discrimination.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

37. Manning incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

38. Manning is black.

39. Under Title VII, it is unlawful for an employer to discriminate against an employee on the basis of race.

40. Lake Health subjected Manning to disparate treatment based on her race.

41. Lake Health terminated Manning because Manning is black.

42. Lake Health's discrimination against Manning was in contravention of Title VII

43. As a result of Lake Health's unlawful conduct, Manning has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT II: RACE DISCRIMINATION

44. Manning incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

45. Manning is black.

46. Under Ohio Rev. Code § 4112, it is unlawful for an employer to discriminate against an employee on the basis of race.

47. Lake Health subjected Manning to disparate treatment based on her race.

48. Lake Health terminated Manning because Manning is black.

49. Lake Health's discrimination against Manning was in contravention of Ohio Rev. Code § 4112.

50. As a result of Lake Health's unlawful conduct, Manning has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT III: RETALIATION

51. Manning incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

52. Lake Health terminated Manning in retaliation for Manning's engagement in activity protected by Title VII and Ohio Rev. Code § 4112.

53. Lake Health's' termination of Manning was in contravention of Title VII and Ohio Rev. Code § 4112.

54. As a result of Lake Health's unlawful conduct, Manning has suffered, and will continue to suffer, pecuniary damages and emotional harm.

**CONCLUSION**

Plaintiff Angela Manning, seeks judgment against Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney For Plaintiff Angela Manning*

## JURY DEMAND

Plaintiff Angela Manning demands a trial by jury by the maximum number of jurors permitted.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)

*Attorney for Plaintiff Angela Manning*